**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**ANNIE CRAWFORD,**
**on behalf of herself and all**
**others similarly situated,**


**Plaintiff,**


**v.**


**TALK AMERICA, INC.,**
**a Pennsylvania corporation,**


**Defendant.**                                             **No. 05-CV-0180-DRH**


<u>**MEMORANDUM and ORDER**</u>

**HERNDON, District Judge:**

### I.  <u>Introduction and Procedural Background</u>

Pending before the Court is Crawford's June 13, 2005 motion for leave to serve discovery and to extend time to respond to Defendant's motion (Doc. 37). Talk America opposes the motion (Doc. 43).  Based on the following, the Court finds that the Crawford has not shown that discovery is necessary or appropriate and the Court denies the motion.

On March 11, 2005, Annie Crawford, on behalf of herself and all others

similarly situated, filed suit against Talk America, Inc. ("Talk America"), a telecommunications carrier offering local, long distance and dial up internet services to residential and small business customers in twenty-five states nationwide, for unjust and unreasonable rate overcharges in violation of the Communications Act § 201(b), **47 U.S.C. § 201(b)** (Doc. 1).[1] Crawford challenges the lawfulness of Talk America's "TSR Administrative Fee," a line item that appears on its customers' monthly bills. Crawford alleges that Talk America "confuses . . . consumers as to the true nature of the TSR Administrative Fee by, among other things, listing the TSR Administrative Fee as a line item amongst government fees, surcharges and taxes...." (Doc. 1, ¶ 15).

On May 16, 2005, Talk America filed a motion to motion to compel arbitration and stay action pursuant to the Federal Arbitration Act, or alternatively, to stay the action in favor of the primary jurisdiction of the Federal Communications Commission (Doc. 22). On June 6, 2005, the Court exercised its discretion pursuant to **LOCAL RULE 7.1(g)** and granted Talk America's motion to stay the case and compelled arbitration (Doc. 30).[2] The next day, Crawford moved to vacate the Court's Order (Doc. 31). On June 8, 2005, the Court vacated its June 6, 2005 Order and allowed Crawford up to and including June 13, 2005 to respond to the motion

---

[1] Crawford seeks to represent the following class: All current and former Talk America customers who, on or after March 10, 2003, paid a TSR Administrative Fee assessed by Talk America.

[2] **LOCAL RULE 7.1(g)** provides in part: "A party opposing such motion shall have **ten (10) days** after the service of the motion to file a written response. Failure to file a timely response to a motion may, in the court's discretion, be considered an admission of the merits of the motion."

to stay and compel arbitration (Doc. 35).  Instead of filing a response to the motion to stay and compel arbitration, Crawford filed a motion for leave to serve discovery and extend time to respond to Defendant's motion (Doc. 37).  Talk America filed its opposition to the motion on June 30, 2005 (Doc. 43).  On July 11, 2005, Crawford moved for an extension of time to file a reply (Doc. 44) which the Court granted and allowed Crawford up to an including July 15, 2005 to reply (Doc. 45).  Crawford filed her reply on July 15, 2005 (Doc. 46).

## II.  <u>Analysis</u>

FEDERAL RULE OF CIVIL PROCEDURE 26(b)(2) empowers district courts to limit the scope of discovery if "the discovery sought is unreasonably cumulative or duplicative, or is more obtainable from some other source that is more convenient, less burndensome, or less expensive."   The Seventh Circuit has instructed: "Before restricting discovery, the court should consider "the totality of the circumstances, weighing the value of the material sought against the burden of providing it,' and taking into account society's interest in furthering 'the truthseeking function' in the particular case before the court."  ***Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).**

Crawford seeks to delay any arbitration by asserting a right to conduct discovery before the issue of arbitrability is decided.  Specifically, Crawford argues that she requires discovery concerning the following issues:  her assent to arbitrate; whether Talk America's arbitration agreement is unconscionable; and the primary

jurisdiction question.  The Court denies Crawford's requests for discovery based on the following.

First, Crawford argues that the "record is inadequate to allow the Court to evaluate Plaintiff's assertion that she did not assent to the arbitration provision." (Doc. 37, p. 4).  The Court finds that discovery from Talk America on this point will not aid in determining Plaintiff's state of mind as to assent.  Further, the Court finds that the discovery requests from Talk America on this issue are not necessary or appropriate. Moreover, the issue of whether the arbitration agreement was procured by fraud or other means is one to be resolved by the arbitrator.  ***See Matterhorn, Inc. v. NCR Corp.*, 763 F.2d 866, 868 (7th Cir. 1985)("[A] challenge [to an arbitration agreement] based on fraud in the inducement of the whole contract (including the arbitration clause) is for the arbitrator.")**.

Next, Crawford argues that she needs discovery because the Agreement is unconscionable and therefore unenforceable and that she needs discovery relevant to the unconscionability issue. (Doc. 37, ps. 4 & 5).  The Court rejects Crawford's argument.  The Seventh Circuit Court of Appeals has held that state law contract defenses, such as unconscionability, are not applicable to arbitration agreements under the Communications Act.  ***See Boomer v. AT&T Corp.*, 309 F.3d 404, 423 (7th Cir. 2002)(Section 210(b) [of the Communications Act] clearly demonstrates Congress's intent that federal law determine the fairness and reasonableness of contractual terms, as opposed to state law principles such as**

**unconscionability")**.

Lastly, Crawford contends that the issue of whether to refer to the FCC a question of reasonableness under Section 210(b) of the Communications Act requires discovery because "it is premature to decide whether review of [Talk America's] billing practices requires specialized agency expertise that goes beyond the experience of this Court, or if the TSR Administrative Fee would be covered under any proposed FCC rule." (Doc. 37, p. 6). The Court finds that the question of whether the Court should refer this matter to the FCC may be determined by the review of the Complaint and the other pleadings filed with the Court. The Court finds that there is not a need for discovery on this issue.

Under the totality of the circumstances, the Court is not persuaded that Crawford genuinely needs any discovery on these issues prior to arbitration. The Court concludes that the costs of the proposed discovery will outweigh the its potential benefits. The request for discovery appears to have no important purpose other than to delay arbitration. Further, Crawford has not shown that discovery is necessary or appropriate.

### III. <u>Conclusion</u>

Accordingly, the Court denies Crawford's motion for leave to conduct discovery and motion to extend time to respond to Defendant's motion (Doc. 37). The Court **ALLOWS** Crawford up to and including **September 7, 2005** to respond to Talk America's May 16, 2005 motion to compel arbitration and stay action

pursuant to the Federal Arbitration Act, or alternatively, to stay the action in favor of the primary jurisdiction of the Federal Communications Commission (Doc. 22).

**IT IS SO ORDERED.**

Signed this 30th day of August, 2005.

/s/   David RHerndon
**United States District Judge**